# EXHIBIT A

IN THE COURT OF CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

MICHAEL PARKER, and
BETH PARKER,

    Plaintiffs,

vs.

UNITED FINANCIAL
CASUALTY COMPANY

and

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendants.

Case No. 17-C-172

Judge Mazzone

## COMPLAINT

NOW COME the Plaintiffs, Michael Parker and Beth Parker, who for their complaint against the Defendants, United Financial Casualty Company and Progressive Casualty Insurance Company, state as follows:

1. The Plaintiffs, Michael Parker and Beth Parker, husband and wife, are and were, at all times material and relevant herein, residents of Bridgeport, Belmont County, Ohio.

2. The Defendant, United Financial Casualty Company, is an Ohio corporation licensed to conduct business in the State of West Virginia and is actively engaged in the business of insurance in the State of West Virginia. Its registered agent for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, West Virginia 25313.

3. The Defendant, Progressive Casualty Insurance Company, is an Ohio corporation licensed to conduct business in the State of West Virginia and is actively engaged in the business of insurance in the State of West Virginia. Its registered



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

agent for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, West Virginia 25313.

4. On or about the 1st day of March, 2016, on a public road known as State Route 150 in Warren Township, Jefferson County, Ohio, Courtney Bunfill negligently caused the vehicle she was operating to collide with the rear of a motor vehicle being lawfully and carefully driven by the Plaintiff, Michael Parker, that was owned by the Mr. Parker's employer, Rare Properties.

5. The actions of Courtney Bunfill towards the Plaintiff, Michael Parker, were negligent in one or more of the following particulars:

    a. Failing to maintain a proper lookout;

    b. Failing to maintain control of her vehicle;

    c. Failing to maintain an assured clear distance; and

    d. Failing to use due care generally in the operation of her vehicle.

6. As a direct and proximate result of the negligence of Courtney Bunfill, the Plaintiff, Michael Parker, suffered injuries to his head, neck, back, shoulder and various other parts of his body, some of which are reasonably certain to be permanent in nature.

7. As a direct and proximate result of the negligence of Courtney Bunfill, the Plaintiff, Michael Parker, has suffered physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in his ability to fully function, enjoy life and earn a living.

8. As a direct and proximate result of the negligence of Courtney Bunfill, the Plaintiff, Michael Parker, has incurred medical bills, lost wages, and a diminishment of his earning capacity.

9. As a direct and proximate result of the negligence of Courtney Bunfill, the Plaintiff, Michael Parker, is reasonably certain to incur future physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in his ability to fully function, enjoy life and earn a living as a result of the injuries he sustained on March 1, 2016.

10. As a direct and proximate result of the negligence of Courtney Bunfill, the Plaintiff, Michael Parker, is reasonably certain to incur future medical bills, lost wages, and diminishment of his earning capacity as a result of the injuries he sustained on March 1, 2016.

11. As a direct and proximate result of the negligence of Courtney Bunfill, the Plaintiff, Beth Parker, has suffered, and is reasonably certain to continue to suffer, a loss of the love, society, comfort, companionship, and services of her husband, Michael Parker.

12. Defendant United Financial Casualty Company issued to Michael Parker's employer, Rare Properties, an automobile insurance policy, being policy number 06535447-7, with a policy period of coverage including March 1, 2016. The insurance policy is not attached to this Complaint inasmuch as it is already in the possession of Defendant United Financial Casualty Company.

13. Upon information and belief, all premiums due and owing on the policy referred to in paragraph 12 above were paid in a timely fashion and said policy was in full force and effect on March 1, 2016.

14. Plaintiffs Michael Parker and Beth Parker timely presented claims for all benefits available under the policy of insurance issued to Rare Properties by Defendant United Financial Casualty Company and referred to in paragraph 12 above

3

to compensate them for damages sustained as a result of the March 1, 2016 collision.

15. Upon information and belief, Defendant Progressive Casualty Insurance Company performed claim handling responsibilities for Defendant United Financial Casualty Company. Thus, at all relevant times, Defendant Progressive Casualty Insurance Company was acting as an agent for Defendant United Financial Casualty Company.

16. On or about March 31, 2016, Defendant Progressive Casualty Insurance Company advised Plaintiffs Michael Parker and Beth Parker that it had assigned their claims to William Schleicher for handling.

17. At the time of the March 1, 2016 collision, Courtney Bunfill was insured under an automobile insurance policy issued by Esurance Insurance Services, Inc., which policy of insurance provided $25,000.00 in bodily injury liability coverage benefits.

18. On or about June 17, 2016, Esurance Insurance Services, Inc. made a written offer to pay $25,000.00 in exchange for a release of all claims which may be asserted against Courtney Bunfill arising from the March 1, 2016 collision.

19. The June 17, 2016 offer referenced in paragraph 17 above was contingent on the "UIM carrier's permission to settle/waiver of substitution (sic)."

20. On or about June 20, 2016, Plaintiffs Michael Parker and Beth Parker provided Defendant Progressive Casualty Insurance Company with written notice of the $25,000.00 offer made by Esurance Insurance Services, Inc. pursuant to W.Va. Code §33-6-31(e) and requested written waiver of its subrogation rights or payment of the settlement offer.

4

21. By letter dated July 20, 2016, Defendant Progressive Casualty Insurance Company, by and through its agent and employee, William Schleicher, advised that "United Financial Casualty Company will consent to the underlying settlement and waive subrogation for underlying injury claim."

22. Relying upon the July 20, 2016 letter, Plaintiffs Michael Parker and Beth Parker accepted the $25,000.00 offer and executed a Release of All Claims on or about September 30, 2016, releasing Courtney Bunfill from any further liability arising from the March 1, 2016 collision in exchange for payment of $25,000.00 by Esurance Insurance Services, Inc. on behalf of its insured, Courtney Bunfill.

## COUNT I
## BREACH OF CONTRACT
## UNITED FINANCIAL CASUALTY COMPANY

23. Plaintiffs incorporate the allegations set forth in paragraphs 1-22 above as if set forth fully herein.

24. At the time of the March 1, 2016 collision, Courtney Bunfill was an underinsured motorist operating an underinsured motor vehicle as those terms are defined under West Virginia law and in the automobile insurance policy referred to in paragraph 12 above.

25. The automobile insurance policy referred to in paragraph 12 above provides $1,000,000.00 in underinsured motorist bodily injury coverage benefits to compensate Plaintiffs Michael Parker and Beth Parker for damages they sustained as a result of the March 1, 2016 collision.

26. Plaintiffs Michael Parker and Beth Parker have fully complied with the terms and provisions of the automobile insurance policy referred to in paragraph 12 above.

5

27. Plaintiffs Michael Parker and Beth Parker are entitled to underinsured motorists bodily injury coverage benefits pursuant to the terms of the policy of insurance referred to in paragraph 12 above inasmuch as they are legally entitled to recover compensatory damages from an underinsured motorist in excess of $25,000.00.

28. Defendant United Financial Casualty Company, by and through its agents, representatives and employees, has refused to pay the underinsured motorist bodily injury coverage benefits due and owing to Plaintiffs Michael Parker and Beth Parker under policy number 06535447-7.

29. As of the date of the filing of this Complaint, Defendant United Financial Casualty Company, by and through its agents, representatives and employees, has refused to offer any monies to Plaintiffs Michael Parker and Beth Parker pursuant to the underinsured motorist bodily injury coverage benefits available to them on the policy of insurance issued by United Financial Casualty Company, being policy number 06535447-7.

30. As a result of Defendant United Financial Casualty Company's failure to pay the benefits due and owing under policy number 06535447-7, it has breached its contract of insurance with Plaintiffs Michael Parker and Beth Parker.

31. As a result of Defendant United Financial Casualty Company's intentional refusal to compensate Plaintiffs Michael Parker and Beth Parker through payment of the underinsured motorist bodily injury coverage benefits referred to above, Plaintiffs Michael Parker and Beth Parker have been forced to incur expenses and costs, including attorney fees, to pursue their claim for the underinsured motorist bodily injury coverage benefits to which they are entitled.

## COUNT II
## BAD FAITH
## PROGRESSIVE CAUSALTY INSURANCE COMPANY

32. Plaintiffs incorporate the allegations set forth in paragraphs 1-31 above as if set forth fully herein.

33. Defendant Progressive Casualty Insurance Company, at all times material and relevant herein acted by and through its agents, representatives and employees including, but not limited to, William Schleicher.

34. Defendant Progressive Casualty Insurance Company has a duty and obligation to handle the claims for insurance coverage benefits presented by Plaintiffs Michael Parker and Beth Parker in compliance with the West Virginia Unfair Trade Practices Act, W.V. Code §33-11-4(9), and the Legislative Rules and Regulations promulgated thereunder.

35. Defendant Progressive Casualty Insurance Company has a duty and obligation to handle the claims for insurance coverage benefits presented by Plaintiffs Michael Parker and Beth Parker in good faith and in accordance with the implied covenant of good faith and fair dealing inherent in policy number 06535447-7.

36. Plaintiffs Michael Parker and Beth Parker are entitled under the policy of automobile insurance issued to Mr. Parker's employer, Rare Properties, by Defendant United Financial Casualty Company to be compensated for damages they sustained as a result of the negligence of Courtney Bunfill, an underinsured driver, which exceed the $25,000.00 in disclosed liability insurance coverage.

37. Plaintiffs Michael Parker and Beth Parker have made claims upon Defendant Progressive Casualty Insurance Company to provide payment under the underinsured motorist bodily coverage that Mr. Parker's employer, Rare Properties,

7

contracted for and for which it paid premiums.

38. Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees including, but not limited to, William Schleicher, failed to undertake reasonable efforts to investigate, negotiate and adjust Plaintiffs Michael Parker and Beth Parker's claims for underinsured motorist coverage benefits.

39. Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees including, but not limited to, William Schleicher, has continued to refuse to pay benefits due and owing to the Plaintiffs Michael Parker and Beth Parker under policy number 06535447-7.

40. Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees, including, but not limited to, William Schleicher, failed to acknowledge and act reasonably and promptly upon communications with respect to claims arising under the insurance policy.

41. Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees, including, but not limited to, William Schleicher, failed to undertake prompt and reasonable efforts to evaluate, negotiate and adjust the claims of Plaintiffs Michael Parker and Beth Parker or, in the alternative, did evaluate the claims and after evaluation made a deliberate choice to make no offer to settle the claims.

42. Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees, including, but not limited to, William Schleicher, did not attempt in good faith to effectuate a fair, prompt and equitable settlement of Plaintiffs Michael Parker and Beth Parker's claims when liability was

reasonably clear.

43. Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees, including, but not limited to, William Schleicher, failed to promptly provide a reasonable explanation to Plaintiffs Michael Parker and Beth Parker for the basis in the insurance policy in relation to the facts or applicable law for denial of their claims or for the failure to make a fair offer to settle their claims.

44. The conduct of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives and employees, as hereinabove described, constituted a breach of the implied covenant of good faith and fair dealing inherent in the policy of insurance referenced in paragraph 12 above.

45. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, in the handling of the claims of Plaintiffs Michael Parker and Beth Parker, violated various provisions of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of the State of West Virginia.

46. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, in the handling of the claims of Plaintiffs Michael Parker and Beth Parker, violated West Virginia Code §33-11-4(9) in at least the following particulars:

    a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under policy of insurance referenced in paragraph 12 above;

    b. Failing to adopt and implement reasonable standards for the

9

prompt and proper investigation of claims arising under insurance policies;

c. Refusing to pay the claims of Plaintiffs Michael Parker and Beth Parker after conducting an investigation and in ignoring the results of this investigation based upon all available information, or in the alternative, failing to conduct a reasonable investigation inasmuch as it chose to ignore the same;

d. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the claims of Plaintiffs Michael Parker and Beth Parker when liability had become clear;

e. Compelling Plaintiffs Michael Parker and Beth Parker to file a civil action against Defendant United Financial Casualty Company to recover amounts due to them by failing to make a fair offer to settle their claims; and

f. Failing to promptly provide a reasonable explanation to Plaintiffs Michael Parker and Beth Parker for the basis in the insurance policy in relation to the facts or applicable law for denial of the Plaintiffs' claims or for the amount of the offer of a compromised settlement;

47. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, in the handling of the claims of Plaintiffs Michael Parker and Beth Parker, were committed and/or performed with such frequency as to indicate a general business practice.

10

48. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, in the handling of the claims of Plaintiffs Michael Parker and Beth Parker, were intentional, willful and outrageous in character and/or were done in bad faith and/or with a conscious disregard of the rights of the Plaintiffs.

49. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, caused Plaintiffs Michael Parker and Beth Parker to sustain severe emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, and other general damages, some of which are reasonably certain to continue into the future.

50. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, caused Plaintiffs Michael Parker and Beth Parker to incur substantial costs, expenses and attorneys' fees.

51. The acts and omissions of Defendant Progressive Casualty Insurance Company, by and through its agents, representatives, and employees, were so outrageous that the Plaintiffs, Michael Parker and Beth Parker, are entitle to recover punitive damages from Defendant Progressive Casualty Insurance Company in order to punish Defendant Progressive Casualty Insurance Company and to deter Defendant Progressive Casualty Insurance Company and other insurance companies from engaging in similar conduct in the future.

WHEREFORE, the Plaintiffs, Michael Parker and Beth Parker, demand judgment against the Defendant, United Financial Casualty Company, for the underinsured motorists coverage benefits due and owing to Plaintiffs pursuant to the

11

policy of insurance issued to Rare Properties, that being policy number 06535447-7, together with prejudgment and post-judgment interest and such other relief as this Court may deem proper. Moreover, Plaintiffs demand judgment against the Defendant, Progressive Casualty Insurance Company, for compensatory and general damages and for punitive damages, in an amount to be determined by a jury, as well as statutory prejudgment and post-judgment interest as permitted by law, reasonable attorneys' fees, expenses and costs incurred in the pursuit of these claims, damages for annoyance, aggravation and inconvenience, and such other relief as this Court may deem proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**

MICHAEL PARKER, et al., Plaintiffs,

By: _/s/ Meaghan L. Tague_

SCOTT S. BLASS #4628
MEAGHAN L. TAGUE #12575
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Facsimile: (304) 242-3936
Counsel for Plaintiffs

12