IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL PARKER and BETH PARKER,

    Plaintiffs,

v.                                       Civil Action No. 5:17CV104
                                                        (STAMP)

UNITED FINANCIAL CASUALTY COMPANY
and PROGRESSIVE CASUALTY INSURANCE
COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER**
**VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**

I. Procedural History

The plaintiffs, Michael Parker and his wife, Beth Parker, filed a complaint in the Circuit Court of Ohio County, West Virginia, alleging claims of breach of contract and bad faith against the defendants, United Financial Casualty Company ("United") and Progressive Casualty Insurance Company ("Progressive"). The defendants thereafter removed this civil action to this Court and filed a motion to dismiss for improper venue or, in the alternative, motion to transfer. Specifically, the defendants request that this Court dismiss the plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer the case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

The issues presented in the defendants' motions are now fully briefed and ripe for decision. After a review of the parties' memoranda and the applicable law, this Court finds that the defendants' motion to dismiss for improper venue and motion to transfer must be denied.

## II. Facts[1]

The case arises out of Michael Parker's claim to United for underinsured motorist benefits after he was injured in a car wreck on March 1, 2016. The car wreck took place in Warren Township, Jefferson County, Ohio, which is located within the Southern District of Ohio. Mr. Parker was driving the vehicle within the course and scope of his employment with Rare Properties, Inc., and the vehicle was also owned by Rare Properties, Inc. Thus, Mr. Parker was covered by Rare Properties' insurance policy on the vehicle, which was issued by United, an affiliate of Progressive. After Mr. Parker reached a settlement with the tortfeasor, United refused to pay Mr. Parker's subsequent claim for underinsured motorist benefits. The plaintiffs are residents of Belmont County, Ohio, and both defendants are Ohio corporations that are licensed to conduct business in West Virginia. Rare Properties, Inc. is a West Virginia corporation.

---

[1]For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

Count I of the complaint alleges that underinsured motorist benefits are due and owing under the United policy and that United's failure to pay constitutes a breach of contract. Count II alleges that Progressive is guilty of common law and statutory bad faith in its handling of the claim.

### III. Applicable Law

A. Venue

Where jurisdiction of a civil action is based solely on diversity of citizenship, 28 U.S.C. § 1391 provides that the action may be brought (1) where any defendant resides if all defendants reside in the same state, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). A defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

"To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Of course, venue may be proper in multiple districts. However, in determining whether events or omissions are sufficiently substantial to support venue, a court should not focus

3

only on those matters that are in dispute or that directly led to the filing of the action, but should review the entire sequence of events underlying the claim. Id.

B.  Transfer

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)(superceded by statute on other grounds).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F. Supp. 2d 553, 555-56 (N.D. W. Va. 2005) (citing Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993)). The

movants typically bear the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

## IV. Discussion

A. Venue

In support of their motion to dismiss, the defendants argue that West Virginia is not the proper venue for this action because the lawsuit's only connection with West Virginia is that Mr. Parker was an employee of Rare Properties, Inc., which is a West Virginia entity but not a party to the case. The defendants emphasize that the plaintiffs are Ohio residents, that the defendants are both Ohio corporations, and that the car wreck in question took place in the Southern District of Ohio. The defendants contend that the civil action is fundamentally about "a dispute between Ohio residents and corporations arising out of a motor vehicle accident that occurred in Ohio," and that West Virginia's contacts with the action are "peripheral and insubstantial."

Analyzing venue under 28 U.S.C. § 1391(b), the defendants conclude that the residency provision, § 1391(b)(1), is inapplicable because the defendants are Ohio corporations. The defendants state that the "substantial part of the events"

5

provision, § 1391(b)(2), is also inapplicable because the events or omissions giving rise to the claim occurred in Ohio.  Lastly, the defendants argue that the catch-all provision, § 1391(b)(3), is inapplicable because the lawsuit's only connection to West Virginia is that Mr. Parker was an employee of Rare Properties, a West Virginia entity.

This Court does not agree with the defendants' arguments. Rather, the Court agrees with the plaintiffs that the defendants have improperly characterized this civil action as a personal injury case, even though the claims are for breach of contract and bad faith.  See Plumley v. May, 434 S.E.2d 406, 411 (W. Va. 1993) ("[W]hen a direct action against an uninsured or underinsured motorist carrier is pursued, that action sounds in contract . . . [and] does not require an action against the tortfeasor with whom the plaintiff has already settled for liability limits . . . ."). Analyzing the civil action as one for breach of contract and bad faith, this Court finds that venue is proper in West Virginia under each of the three provisions of § 1391(b).

First, venue is proper under the residency provision, § 1391(b)(1), because of the special residency rule for corporations, § 1391(c)(2), which provides as follows:

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only

6

in the judicial district in which it maintains its principal place of business.

§ 1391(c)(2). The defendants are authorized to do business in West Virginia, and their contacts with West Virginia are sufficient for the Court to exercise general personal jurisdiction over them. See Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) (holding that the test for general personal jurisdiction "is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011))). The Court finds that the defendants are "essentially at home" in West Virginia because Progressive has a claims office in Bridgeport, West Virginia, and both defendants have agents located throughout northern West Virginia, including in Follansbee, Weirton, Wheeling, Moundsville, and New Martinsville.

Additionally, the Court can exercise specific personal jurisdiction over the defendants. See Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 919 ("Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."). As to the breach of contract claim, the Court can exercise specific personal jurisdiction over the defendants by virtue of the insurance policy being issued in West Virginia to a West Virginia company. As to the bad faith claim, the complaint

alleges that Progressive's Bridgeport, West Virginia claims office handled Mr. Parker's claim in bad faith.  Mr. Parker's claim was specifically assigned to the Bridgeport office, and that office handled the claim for almost one year.  Thus, all of the defendants can be deemed to reside in West Virginia for the purposes of § 1391(b)(1).

Second, venue is proper in West Virginia under the "substantial part of the events" provision, § 1391(b)(2).  See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) ("[I]n determining whether events or omissions are sufficiently substantial to support venue under the amended statute, a court . . . . should review 'the entire sequence of events underlying the claim.'" (quoting Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001))).  Here, the sequence of events underlying the claims are sufficiently substantial to support venue because the policy itself was issued in West Virginia to a West Virginia company having its headquarters in the Northern District of West Virginia.  Additionally, the suit is for the breach of the insurance contract and the claim was handled largely by a Progressive adjuster working out of Progressive's Bridgeport, West Virginia claims office.

Lastly, venue in West Virginia is also proper under the catch-all provision, § 1391(b)(3), because the plaintiffs' claims for breach of contract and bad faith arise in West Virginia and the

defendants have a substantial presence in West Virginia. For venue to be proper in West Virginia, only one of the three venue provisions of § 1391(b) must be satisfied. Here, venue in West Virginia is proper under all three of the venue provisions. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b).

B. <u>Transfer</u>

In their alternative motion to transfer, the defendants contend that this case would be more appropriately tried in the Southern District of Ohio. The defendants argue that the interests of justice and the convenience of the parties weigh in favor of transfer because (1) the relevant proof, including witnesses, is located in Ohio and (2) Ohio courts have a significant interest in having local controversies adjudicated in Ohio.

After thorough consideration of the factors set forth in <u>In re Campbell Transp. Co., Inc.</u>, this Court finds that transfer of this civil action is not proper. First, the ease of access to sources of proof does not support a transfer because the proof will likely consist of the policy at issue, and the claims office is located in West Virginia. Furthermore, the liability issue has already been settled with the tortfeasor, and most of the relevant medical records come from Wheeling Hospital and MedExpress Urgent Care, both located in West Virginia, and are already a part of the record.

Second, as to the convenience of parties and witnesses factor, the defendants fall short of the required showing that West Virginia is less convenient than Ohio. The plaintiffs live in Bridgeport, Ohio, which is only a few miles from Wheeling, West Virginia. Progressive's corporate offices are in Mayfield, Ohio, which is in between Wheeling and Columbus. Thus, having the trial in the Southern District of Ohio would not be more convenient than having the trial in West Virginia.

Third, the cost of obtaining witnesses would not be greater if the trial is in Wheeling, West Virginia. As noted previously, liability is not at issue, and the plaintiffs' healthcare providers are located in West Virginia. Because the healthcare providers are in West Virginia, the fourth factor, the availability of compulsory process, also does not support transfer to the Southern District of Ohio. Fifth, a jury view of the accident scene will likely be unnecessary given that liability is not an issue. However, this Court nonetheless notes that it would be able to accommodate a jury view from Wheeling.

Sixth, Ohio does not have an interest in having this controversy adjudicated at home because this is not a personal injury case about the Ohio car accident. Rather, the breach of contract claim is about an insurance policy issued in West Virginia to a West Virginia company, and the bad faith claim is about a West Virginia claims office handling the plaintiffs' claim in bad faith.

Seventh, the defendants do not offer any other argument that convinces this Court that the case should nonetheless be transferred in the interests of justice to the Southern District of Ohio.

Lastly, as mentioned above, the plaintiffs' choice of forum is accorded considerable weight. Gulf Oil, 330 U.S. at 508. This Court will not deprive the plaintiffs of their choice of forum because the defendants would prefer to litigate this civil action in Ohio. In conclusion, this Court finds that, upon weighing the factors for transfer, the balance is in favor of not transferring this action. Accordingly, the defendants' alternative motion to transfer is denied.

V. Conclusion

For the reasons stated above, the defendants' motion to dismiss and their alternative motion to transfer venue (ECF No. 4) are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 22, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE